849 F.2d 607
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert ADKINS, Defendant-Appellant.
 No. 87-5601.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 26, 1988.
Decided: June 10, 1988.
 
 Fred Warren Bennett, Federal Public Defender; Stephen J. Cribari, Deputy Federal Defender, on brief, for appellant.
 Robert H. Edmunds, Jr., United States Attorney, on brief, for appellee.
 Before DONALD RUSSELL, WIDENER and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert Adkins appeals his conviction for three counts of giving gifts to a bank officer for procuring loans, in violation of 18 U.S.C. Sec. 215(b) (1985), entered pursuant to his guilty plea to those offenses. The district court sentenced Adkins to a consolidated term of imprisonment of 36 months, ordered him to pay special assessments of $150 on the conviction pursuant to Sec. 3013(a)(2)(A), and ordered him to make restitution in the amount of $176,638.11. Adkins also appeals from the district court's order denying his motion for modification of sentence brought pursuant to Rule 35 of the Federal Rules of Criminal Procedure. On appeal, Adkins' court-appointed attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that in his opinion no meritorious issues exist on appeal. A copy of the Anders brief and an invitation to supply supplemental materials were provided to Adkins, who has responded.
 
 
 2
 After an independent review of the record, we conclude that Adkins' guilty plea was knowingly and voluntarily entered and that there was a factual basis for the plea. We find no error in the conviction for the violations of Sec. 215 or in the sentence and special assessments imposed on that conviction. Nor do we find any abuse of discretion in the district court's refusal to modify the sentence imposed. Accordingly we affirm the conviction and the order denying the Rule 35 motion. We vacate in part and remand, however, for further proceedings incident to the restitution order.
 
 
 3
 In addition to the prison sentence and the special assessments the district court, pursuant to 18 U.S.C. Sec. 3579, ordered Adkins to make restitution to Planters National Bank in the amount of $176,638.11. Section 3580(a) of Title 18 requires the district court, in determining whether to order restitution under section 3579, to consider "the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." 18 U.S.C. Sec. 3580(a). In United States v. Bruchey, 810 F.2d 456 (4th Cir.1987) this Court held that, in order to have effective appellate review of a sentencing decision which includes restitution, fact findings on these Sec. 3580(a) factors are mandatory. Although the record in this case includes specific findings on the amount of loss to the victim bank it is silent on the other statutory factors. Accordingly, we vacate the restitution order and remand the case for further proceedings not inconsistent with United States v. Bruchey, supra.
 
 
 4
 In the case of an unsuccessful appellant represented by appointed counsel, the responsibilities of the attorney are set forth in the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964. See 18 U.S.C. Sec. 3006A. These responsibilities include informing his client in writing of his right to petition the Supreme Court for a writ of certiorari. If so requested by his client, counsel should prepare a timely petition for the writ and take the steps necessary to protect his client's rights.
 
 
 5
 We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 6
 AFFIRMED IN PART VACATED IN PART, AND REMANDED.